UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONNELL ROBERTSON,                )
                                  )
            Plaintiff,            )
                                  )   CAUSE NO. 3:13-CV-1336 RM
      v.                          )
                                  )
DR. JACKSON, DR. LIAW,            )
and MRS. BOYAN,                   )
                                  )
            Defendants.           )

OPINION AND ORDER

Donnell Robertson, a *pro se* prisoner, filed a complaint against two doctors and a nurse at the Westville Correctional Facility alleging that he is being denied medical treatment for his ears and back. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Though prisoners are "not entitled to demand specific care [nor] entitled to the best care possible" Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997), the Eighth Amendment

requires that they receive adequate treatment. *See* Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, "[f]or a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). A "disagreement with medical professionals [does not] state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

Here, Mr. Robertson alleges that he has been frequently seen and treated by a doctor at an ear clinic who has performed surgery and prescribed him medication. He also alleges that he has been regularly seen by the two defendant doctors at the prison, but that they have refused to permit him to have that – or any other – medication for his ears or back. Giving Mr. Robertson the benefit of the inferences to which he is entitled that the pleading stage of this proceeding, he has alleged more than a mere disagreement with these two doctors and has sufficiently alleged that they have been deliberately indifferent to his serious medical needs.

The nurse, however, is different. If the two defendant prison doctors are preventing Mr. Robertson from obtaining medication as alleged; it is they – not the nurse – who is denying him medical treatment. Nurses are expected to follow orders given by the doctors for whom they work. Nothing in this complaint indicates that it was unreasonable for the

2

nurse to have relied on the standard division of labor in this instance. *See* Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005). As such, Mr. Robertson has not stated a claim against the nurse and she will be dismissed.

Additionally, Mr. Robertson alleges that the defendants are retaliating against him. Though the factual basis for this claim it sketchy, it appears that he is alleging that the doctors are denying him medical treatment because he has complained that they are denying him medical treatment. This is circular and does not state a claim for retaliation. *See* Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012). Therefore this claim will be dismissed.

Finally, Mr. Robertson has sent the court a letter asking to be transferred to the Pendleton Correctional Facility for medical treatment. Though he has stated a claim for a denial of medical treatment, even if he prevails on this claim he is not entitled to be transferred because the State is empowered to confine him in any prison. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Therefore this request will be denied.

For the foregoing reasons, the court:

(1) GRANTS Donnell Robertson leave to proceed against Dr. Jackson and Dr. Liaw for compensatory and punitive damages for denying him medical treatment for his ears and back in violation of the Eighth Amendment;

(2) GRANTS Donnell Robertson leave to proceed against Dr. Jackson and Dr. Liaw for injunctive relief for medical treatment for his ears and back;

(3) DISMISSES all other claims;

(4) DISMISSES Nurse Boyan;

(5) DENIES the request [Doc. No. 5] for transfer;

(6) DIRECTS the clerk to transmit the summons and USM-285 for Dr. Jackson and Dr. Liaw to the United States Marshals Service along with a copy of the complaint and this order;

(7) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Dr. Jackson and Dr. Liaw; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Jackson and Dr. Liaw respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED:   January 9, 2014

/s/ Jon E. DeGuilio
Judge,
United States District Court